**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| BRUCE M. BARTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ZIMMER, INC. | ) | Case No.:  1:06-CV-0208 |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENDANT ZIMMER, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Zimmer, Inc. ("Zimmer"), by its attorneys, Baker & Daniels LLP,

answers Plaintiff, Bruce M. Barton's ("Barton" or "Plaintiff"), Complaint, as follows:

1.      Jurisdiction of this action is founded upon 28 U.S.C. § 1331 and §
1343(4); the Family and Medical leave Act of 1993 ("FMLA"), 29 U.S.C. § 2654, *et seq.*; and,
the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.

**Answer:**      Zimmer admits that Plaintiff is alleging claims under the Family

Medical Leave Act of 1993 ("FMLA") (29 U.S.C. § 2654, *et seq*.; and the Age Discrimination in

Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*., but denies that it violated the statutes or

any other local, state or federal laws.  Zimmer further admits that this Court has jurisdiction over

Plaintiff's claims.

2.      Defendant, Zimmer Inc. ("Zimmer"), is an Indiana corporation doing
business at 345 E. Main Street, Warsaw, Indiana 46580, within the jurisdiction of the Northern
District of Indiana.  At all times relevant to this action, Zimmer was engaged in an industry
affecting commerce and had 20 or more employees for each working day in each of 20 or more
calendar weeks in the current and preceding calendar years.

**Answer:**      Zimmer admits the allegations contained in Paragraph 2 of

Plaintiff's Complaint.

BDDB01 4449747v1

3.      Plaintiff resides at 919 Shady Lane, Warsaw, Indiana 46580 and is over the age of 40.  Plaintiff's date of birth is October 18, 1946.

**Answer:**      Zimmer admits the allegations contained in Paragraph 3 of

Plaintiff's Complaint.

4.      Plaintiff has been employed as a sales trainer by Zimmer for more than 12 years.  Plaintiff's major job responsibility is teaching selling skills to Zimmer's sales staff.

**Answer:**      Zimmer admits that Plaintiff began employment with Zimmer on

or around January 25, 1993.  Zimmer admits that Plaintiff's responsibilities included teaching

selling skills to Zimmer's sales staff.

5.      Plaintiff has more than 20 years of experience in training sellers and has developed and presented training programs at national medical training trade association conventions.

**Answer:**      Zimmer admits that Plaintiff has experience in training sellers.

Zimmer further admits that Plaintiff presented training programs at national medical training

trade association conventions as part of a team effort with other Zimmer employees.

6.      Plaintiff performs the responsibilities of his sales training position to the reasonable expectations of Zimmer.

**Answer:**      Zimmer denies the allegations contained in Paragraph 6 of

Plaintiff's Complaint.

7.      In about early 2004, Andrew Richardson ("Richardson"), approximately 43 years old, became Plaintiff's direct supervisor.  Richardson immediately began to create hostile working conditions for Plaintiff as a result of Plaintiff's age.

**Answer:**      Zimmer admits the first sentence of Paragraph 7 of Plaintiff's

Complaint.  Zimmer denies the second sentence in Paragraph 7 of Plaintiff's Complaint.

8.      Richardson took away Plaintiff's sales teaching responsibilities and gave them to two (2) much younger employees who had much less experience and tenure with Zimmer.

BDDB01 4449747v1

**Answer:**     Zimmer admits that other employees were responsible for sales

teaching.  Zimmer denies all remaining allegations in Paragraph 8 of Plaintiff's Complaint.

9.     When Plaintiff requested training in new areas, he was denied by Richardson who claimed lack of money in the budget.  However, expenditures were authorized by Richardson for younger departmental employees.

**Answer:**     Zimmer does not have sufficient information to admit or deny

Paragraph 9 of Plaintiff's Complaint.

10.     On March 9, 2005, Richardson placed Plaintiff on probation for false and trumped up reasons.

**Answer:**     Zimmer denies the allegations in Paragraph 10 of Plaintiff's

Complaint.

11.     On April 8, 2005, Richardson told Plaintiff that he was performing at a 9 or a 10 in all areas except one in which Plaintiff was performing at a satisfactory 7 on a 10 point scale.

**Answer:**     Zimmer does not have sufficient information to admit or deny

Paragraph 11 of Plaintiff's Complaint.

12.     During a May 19, 2005 meeting, Richardson told Plaintiff that he was not a good fit and suggested that Plaintiff might want to look for other job opportunities.  Richardson also told Plaintiff that his performance was unsatisfactory even though nothing had changed since the excellent review given to Plaintiff on April 8, 2005.

**Answer:**     Zimmer admits that Richardson and Plaintiff had a meeting on or

about May 19, 2005.  Zimmer further admits that Richardson told Plaintiff his performance was

unsatisfactory.  Zimmer does not have sufficient information to admit or deny the remaining

allegations in Paragraph 12 of Plaintiff's Complaint.

13.     On May 23, 2005, Plaintiff complained in writing to Richardson that he was being discriminated against on the basis of his age.

**Answer:**     Zimmer admits the allegation contained in Paragraph 13 of

Plaintiff's Complaint.

-3-

14.     In June 2005, Plaintiff discovered that Richardson had told several individuals that Plaintiff was "done" at Zimmer and that Richardson was going to get rid of Plaintiff.

**Answer:**     Zimmer does not have sufficient information to admit or deny

Paragraph 14 of Plaintiff's Complaint.

15.     Starting in about June 2005, Plaintiff went on FMLA medical leave for the stress that he was under due to Richardson.

**Answer:**     Zimmer admits Plaintiff went on FMLA leave in June 2005.

Zimmer denies the remaining allegations in Paragraph 15 of Plaintiff's Complaint.

16.     On July 19, 2005, while Plaintiff was on his approved FMLA medical leave, Zimmer made Andy Radford, a much younger and less experienced employee, responsible for the major area that had previously been Plaintiff's job assignment.

**Answer:**     Zimmer does not have sufficient information to admit or deny

Paragraph 16 of Plaintiff's Complaint.

17.     On July 22, 2005, Plaintiff filed his first EEOC Charge of Discrimination against Zimmer based on Richardson's age discriminatory conduct.

**Answer:**     Zimmer admits that Plaintiff filed his first EEOC Charge of

Discrimination on or around July 22, 2005, but denies that it engaged in any discriminatory

conduct.

18.     Plaintiff was released to return from his FMLA medical leave to resume work on August 22, 2005.  After receiving notice of Plaintiff's medical release, on August 19, 2006, Bob Abel, Zimmer's HR Director, called Plaintiff to inform him that he had to meet with Abel upon his return to work the following Monday.  During that conversation, Abel also questioned Plaintiff regarding the meaning of certain settlement demands Plaintiff's counsel had relayed to the EEOC mediator regarding Plaintiff's pending EEOC charge of age discrimination. Abel told Plaintiff to think about what he wanted over the weekend and they would talk about it at their meeting the following Monday.

**Answer:**     Zimmer admits the first sentence in Paragraph 18.  Zimmer admits

that on or around August 19, 2005, Bob Abel ("Abel"), Zimmer's HR Director, called Plaintiff to

inform him that he needed to meet with Plaintiff upon his return to work the following Monday.

BDDB01 4449747v1

Zimmer further admits that during this conversation Abel discussed Plaintiff's return to work.

Zimmer denies all other allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     During Abel's meeting with Plaintiff on August 22, 2006, Abel informed Plaintiff that Zimmer was continuing Plaintiff's leave, with pay, while Zimmer decided what Plaintiff's new job duties would be.

**Answer:**     Zimmer admits that a meeting occurred between Plaintiff and Abel

on August 22, 2005.  Zimmer further admits that Plaintiff and Abel mutually agreed to continue

Plaintiff's leave with pay to determine Plaintiff's job duties.  Zimmer denies all remaining

allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     After the initial meeting with Abel on August 22, 2006, Zimmer required Plaintiff to meet with Abel and Richardson, at which time Richardson gave Plaintiff a list of duties that were demeaning or impossible to perform.  Abel agreed with Plaintiff that the new job assignments were inappropriate and sent Plaintiff home again to continue on paid leave while Zimmer determined what job duties it would give to Plaintiff.

**Answer:**     Zimmer admits that a meeting took place between Abel,

Richardson and Plaintiff after the August 22, 2005 meeting.  Zimmer further admits that Abel

agreed Plaintiff should be given his full job duties upon his return from FMLA leave. Zimmer

further admits that Plaintiff remained on paid leave until on or around September 13, 2005.

Zimmer denies all remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Zimmer did not allow Plaintiff to return to work until September 13, 2005. At that time, Zimmer had removed Richardson as Plaintiff's supervisor and replace [sic] Richardson with a female employee who had no experience or knowledge of Plaintiff's job. Zimmer gave Plaintiff no job title or duties.  Zimmer gave Plaintiff the sole task of doing dry runs on "Power Selling" in order to evaluate how much Plaintiff knew about the "Power Selling" technique which Richardson had initiated and limited to the much younger employees in the department.

**Answer:**     Zimmer admits that Plaintiff returned to work on or around

September 13, 2005.  Zimmer further admits that upon Plaintiff's return, his new supervisor was

Sherri Milton ("Milton"), but denies that Milton lacked experience or knowledge regarding

Plaintiff's job.  Zimmer further admits that Plaintiff's job duties included working on Zimmer's

"Power Selling" technique.  Zimmer denies all remaining allegations contained in Paragraph 21

of Plaintiff's Complaint.

22.     On September 14, 2005, Zimmer told Plaintiff that he would be expected
to do "Power Selling" training on the weekends, in direct conflict with Plaintiff's contractual
obligations to officiate football, which outside obligations Zimmer had approved throughout
Plaintiff's employment.  Zimmer also told Plaintiff that he would have to give a presentation on
"Power Selling" on September 20, 2005, to upper management, even though Plaintiff had never
been trained in conducting "Power Selling" classes.

**Answer:**     Zimmer admits that it informed Plaintiff he would be expected to

do "Power Selling" training during some weekend days.  Zimmer further admits that Plaintiff

gave a presentation on "Power Selling" to upper management on or around September 20, 2005.

Zimmer denies all other allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Zimmer gave Plaintiff harshly critical and demeaning feedback on
September 28, 2005 regarding the "Power Selling" presentation Zimmer required him to make
with no training.

**Answer:**     Zimmer admits that on or about September 28, 2005, it met with

Plaintiff to discuss his "Power Selling" presentation.  Zimmer further admits that Plaintiff did not

perform this presentation to Zimmer's expectations.  Zimmer denies all remaining allegations in

Paragraph 23 of Plaintiff's Complaint.

24.     On September 29, 2005, Zimmer assigned Plaintiff the task of conducting
a training assessment and creating objectives and new content for a new knee sales training class
because the much younger knee sales training manager was too busy with "Power Selling."
Again, Zimmer gave these new tasks to Plaintiff with unreasonable deadlines and absolutely no
training.

**Answer:**     Zimmer admits that Plaintiff's responsibilities included knee sales

training.  Zimmer denies all other allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     On December 19, 2006, Zimmer finally informed Plaintiff that his new job
duties would be the knee sales training manager, taking over for the much younger knee sales
training manager.  Zimmer gave the much younger knee sales training manager the job duties
that used to be Plaintiff's.  Zimmer knew that Plaintiff did not have the technical knowledge to be
the knee sales training manager, yet continued to make impossible and unattainable demands of

-6-

BDDB01 4449747v1

Plaintiff without providing him any of the necessary training he was requesting. Zimmer's unreasonable demands of Plaintiff caused Plaintiff to be placed on medical disability leave.

**Answer:** Zimmer admits that Plaintiff's responsibilities included knee sales training. Zimmer further admits that Plaintiff is on a medical disability leave. Zimmer denies all remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Zimmer's conduct towards Plaintiff complained of herein was discriminatory and retaliatory towards Plaintiff of the basis of Plaintiff's age and Plaintiff's exercise of his protected rights under the FMLA and the ADEA.

**Answer:** Zimmer denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Plaintiff suffered and continues to suffer damages as a proximate result of the Defendants' illegal conduct described herein.

**Answer:** Zimmer denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Zimmer's conduct complained of herein was willful, malicious, oppressive, wanton and heedlessly in disregard of Plaintiff's rights and, accordingly, Plaintiff is entitled to recover statutory liquidated damages from Zimmer.

**Answer:** Zimmer denies the allegations contained in Paragraph 28 of Plaintiff's Complaint..

## AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

1. Plaintiff's Complaint fails to state any claims for which relief can be granted.

2. Plaintiff is barred from seeking or receiving damages to the extent he did not mitigate any such damages.

3. To the extent any of Plaintiff's claims were not brought within the applicable statute of limitations, they are barred.

BDDB01 4449747v1

4.      The actions of which Plaintiff complains were justified by legitimate, non-discriminatory business reasons.

5.      Plaintiff's alleged damages are subject to offset by any income Plaintiff has received.

6.      Zimmer reserves the right to assert and allege any other defenses which become known to it during the course of discovery.

**WHEREFORE**, Defendant Zimmer, Inc. respectfully requests that Plaintiff take nothing by way of his Complaint, that judgment be entered in its favor, and that Zimmer, Inc. recover all of its costs and all other just and appropriate relief in this action.

BAKER & DANIELS

s/Steven L. Jackson
_____
Steven L. Jackson (#4861-02)
Michael S. Burns (#22914-49)
BAKER & DANIELS LLP
111 East Wayne Street, Suite 800
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Facsimile:   (260) 460-1700
steven.jackson@bakerd.com
michael.burns@bakerd.com

ATTORNEYS FOR DEFENDANT
ZIMMER, INC.

BDDB01 4449747v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of July, 2006 a copy of the foregoing **ANSWER** was served upon the following counsel of record by either electronic mail or first class United States Mail, postage prepaid:

> Cynthia Rockwell
> Lori W. Jansen
> Rockwell & Jansen LLC
> 803 S. Calhoun Street
> Courtside Building, Suite 305
> Fort Wayne, IN  46802

BAKER & DANIELS

s/Steven L. Jackson

BDDB01 4449747v1