UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| BRUCE M. BARTON | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:06-CV-208-TS |
| | ) | |
| ZIMMER, INC., | ) | |
| | ) | |
| Defendant | ) | |

**OPINION AND ORDER**

The Plaintiff filed a Rule 72 objection to the Magistrate Judge's decision on July 19, 2007, declining to allow the Plaintiff to review over 31,000 e-mails that may be relevant to discovery. The Defendant responded, arguing that it is following the Magistrate Judge's orders and the parties' agreements to produce relevant and non-privileged e-mails by August 13, 2007.

When a district court considers an objection to a magistrate order on a nondispositive matter, the court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

The Court has reviewed the Plaintiff's motion and sees no basis for altering the Magistrate's decision. As shown by the Defendant, the parties have agreed that Defendant's counsel would review e-mails for relevance and privilege, and the docket shows that the Magistrate Judge gave the Defendant until August 13, 2007 to produce the relevant, non-privileged e-mails. At that point, if the parties cannot agree as to the relevance of the e-mails, the

Magistrate Judge could conduct in camera inspection of the e-mails, or otherwise resolve the dispute. If the Plaintiff objects to the Magistrate Judge's ruling at that time, he may file another Rule 72 objection.

    The Plaintiff's motion for review [DE 103] is DENIED.

    SO ORDERED on August 2, 2007.

                                        /s/ Theresa Springmann
                                        THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT