UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| BRUCE M. BARTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:06-CV-208-TLS |
| | ) | |
| ZIMMER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

On June 16, 2008, the Court held a telephonic conference with the parties to give the Court's rulings on pending motions. The Plaintiff's Second Rule 72 Objection to Discovery Order was sustained in part and overruled in part. (DE 124.) The Plaintiff's objection that the magistrate judge did not order the Defendant to supplement the answers to Plaintiff's Interrogatories 9 and 14 was sustained.[1] The objection was overruled in all other respects. The Court informed the parties that it would be premature to rule on the pending Motion to Strike the Affidavit of Plaintiff's Expert John Kuras (DE 130) and Motion to Strike Affidavit of Bruce Barton (DE 156) and withheld ruling on those motions. During the conference the Plaintiff's counsel expressed some confusion as to the Court's ruling and supporting rationale for the work

---

[1] The parties agree that the magistrate judge did not explicitly state a ruling on the Plaintiff's request for the Court to order the Defendant to supplement interrogatories 9 and 14. However, the Defendant argues that "it is implicit in his orders that the documents he deemed non-privileged and subject to disclosure address the interrogatory supplementation issues raised in Plaintiff's Motion to Compel." (Mem. in Resp. 5, DE 123).
   The Defendant asserts that "[t]he documents that Magistrate Judge Cosbey ordered to be produced have been produced and do supplement those two interrogatories. Pursuant to Rule 33(d), the production of documentation is a sufficient form of supplementing interrogatories." (*Id.* at 5–6.) However, Federal Rule of Civil Procedure 33(d) only applies "if the burden of deriving or ascertaining the answer [from the production of documentation] will be substantially the same for either party." The Defendant has not made this showing, and therefore cannot supplement the two interrogatories through the production of documentation. The Defendant is therefore ordered to directly answer interrogatories 9 and 14 (in light of this opinion and order as well as the magistrate's opinion regarding privileges).

product privilege issue raised in the Plaintiff's motion. This opinion elaborates on the Court's ruling as to both the attorney-client privilege issue and the work product privilege issue.

**A.      Standard of Review**

When a district court considers an objection to a magistrate order on a nondispositive matter, the court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Discovery rulings, including those regarding the attorney-client and work product privileges, are nondispositive matters. *See Eisai Ltd. v. Dr. Reddy's Labs., Inc.*, 406 F. Supp. 2d 341, 342 (S.D.N.Y. 2005). The district court reviews the magistrate's factual determinations under the "clear error" standard, *see Jochims v. Isuzu Motors, Ltd.*, 151 F.R.D. 338, 340 (S.D. Iowa 1993), and the legal determinations under the "contrary to law" standard, *see Young v. Conductron Corp.*, 899 F. Supp. 39, 40 (D.N.H. 1995); *Bryant v. Hilst*, 136 F.R.D. 487, 488 (D. Kan. 1991).

"The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "Under the 'contrary to law' standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard," *Jensen v. Solvay Chem., Inc.*, 520 F. Supp. 2d 1349, 1351 (D. Wyo. 2007), or if it "misapplie[d] relevant statutes, case law, or rules of procedure," *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006) (citing *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

2

Whether the attorney-client and work product privileges protect certain information or documents from disclosure is a question that involves the application of legal rules to particular facts and is therefore a mixed question of fact and law. As such, the Court will review the magistrate judge's order under the "clearly erroneous" standard. *Cf. United States. v. Frederick*, 182 F.3d 496, 499 (7th Cir. 1999) (applying "clearly erroneous" standard of appellate review to district court's rulings on privilege claims).

### B. Magistrate Judge's Rulings Regarding Attorney-Client and Work Product Privileges

The magistrate judge ruled that the Defendant did not waive the attorney-client privilege with respect to the age discrimination investigation and that although the Defendant waived the attorney-client privilege regarding the Plaintiff's formal complaint of a retaliatory hostile environment, that waiver did not include a complete waiver of the attorney work product privilege. The Court has reviewed the Plaintiff's motion and sees no basis for altering the magistrate judge's decision with regard to these issues.

The Plaintiff argues that the Defendant waived the attorney-client privilege because the "Defendant clearly melded the role of its legal counsel with its investigator[.]" (Pl. Second R. 72 Obj. 3, DE 124.) To evaluate the Plaintiff's argument, it is helpful to begin with the factual overview laid out by the magistrate judge as it relates to the investigation of the age discrimination claim.

> [The Defendant] contends that Robert Abel, Zimmer's Director of Human Resources, not outside counsel, conducted the internal investigation of Barton's age discrimination claim. (Resp. Br. 2.)
> Abel admits, however, that he did indeed communicate with Zimmer's outside counsel "on an ongoing basis" concerning Barton's claim. (Abel Dep. 17,

3

> 87.) In fact, when he received Barton's informal complaint of discrimination, the first thing Abel did was meet with outside counsel, as well as Barton's supervisor, "to evaluate the claim . . . ." (Abel Dep. 17-18.) Nonetheless, it was Abel, *not* outside counsel, who interviewed Barton at length about the claim in August 2005. (Resp. Br. 2; Abel Dep. 18.) Moreover, Abel also interviewed several witnesses identified by Barton to investigate Barton's specific allegations. (Resp. Br. 2; Abel Dep. 18.) Outside counsel was not present during any of these interviews. (Resp. Br. 2.)

(Op. & Order 19, DE 120.)

From these facts, the magistrate judge concluded that Abel was responsible for investigating the claim, not outside counsel. The Court is not convinced that this conclusion is erroneous, let alone *clearly* erroneous. The magistrate judge's opinion carefully distinguishes between the investigations conducted by counsel and those conducted by the Defendant's other employees, and the opinion is precise as to which discovery documents are related to which investigations. While the magistrate judge found that the Defendant had not "fuse[d] the roles of internal investigator and legal advisor," (Op. & Order 18–20, DE 120), in the investigation of the age discrimination complaint, he did find that "Zimmer fused the roles of internal investigator and legal advisor as of October 28, 2005, with respect to Barton's retaliation claim, and thus has waived the attorney-client privilege with respect to the following e-mails dated from October 28, 2005, to February 6, 2006, that pertain to its outside counsel's investigation of Barton's retaliation claim . . . ."

The parties' briefing focuses significantly on whether the magistrate judge's analysis should have been guided by *Brooms v. Regal Tube Company*, 881 F.2d 412 (7th Cir. 1989), *overruled in part on other grounds by Saxton v. American Telephone & Telegraph Company*, 10 F.3d 526, 534 n.12 (1993), or *Pray v. New York City Ballet Company*, No. 96 Civ. 5723 RLC, 1998 WL 558796 (S.D.N.Y. Feb. 13, 1998). The Court agrees with the Defendant that *Brooms* is

4

factually distinct from the instant case and is not determinative of the issue. In *Brooms*, the Defendant hired "Sullivan, an attorney, to act as an independent investigator to determine whether Brooms' allegations had any substance." *Brooms*, 881 F.2d at 416. The magistrate judge's opinion necessarily entails the finding that counsel in this case was not hired as an independent investigator, and that finding is not clearly erroneous. Regardless, the Seventh Circuit determined that it "need not decide whether the district court in fact committed error by allowing Brooms to examine Sullivan's notes and to introduce correspondence between Sullivan and Regal into evidence," so its opinion provides little guidance for the resolution of the issues in this case. *Id.* at 422.

The Court agrees with both the magistrate judge and the Defendant that *Pray* provides the more helpful analysis. Like the magistrate judge's opinion in this case, the district court in *Pray* distinguished between when attorneys were acting as investigators and when they were acting as legal counsel. *Pray*, 1998 WL 558796, at *1–2.  Discovery related to the investigation was permitted. *Id.* at *1. "[I]nitial and concluding communication between [the Defendant] and its counsel" was not. *Id.* at *2. The Court explained that the "plaintiffs can contest the adequacy of the scope and nature of what defendant actually did in dealing with the problem. Whether it followed the firm's advice step by step is beside the point." *Id.* at *3. And so it is here. Furthermore, just as in *Pray*:

> [The Plaintiff was] given access to every aspect of the investigations. Nothing has been withheld. The issue then is not the sufficiency of the advice given or followed, but whether the investigations were an appropriate and sufficient response to the . . . complaints. [The Plaintiff has] all the facts involved in that regard and can contest defendant's assertion that its response was sufficient.

*Id.* at *2. The magistrate judge was not clearly in error in acting in accordance with *Pray*.

5

While the magistrate judge ruled that the Defendant waived the attorney-client privilege between October 28, 2005, and February 6, 2006, with respect to emails pertaining to the investigation of the Defendant's formal complaint of retaliation, he ruled that the work product privilege nonetheless protected those documents that contained "opinion work product" (as opposed to "fact work product"). (Op. & Order 23–24, DE 120.) The Plaintiff argues that the magistrate judge's determination that documents not protected by the attorney-client privilege can still be protected as opinion work product is unreasonable and unsupported by any citation of authority.

Taking the Plaintiff's arguments on this last point in reverse order, the magistrate judge did cite to authority for his conclusion. In support of his statement that because "'immunity from discovery for opinion work product is absolute or near absolute,' the Court does not find that Barton has established a 'compelling showing' for the documents that consist of the 'mental impressions, conclusions, opinions, or legal theories' of Zimmer's outside counsel," the magistrate judge cited *Caremark, Inc. v. Affiliated Computer Services., Inc.*, 195 F.R.D. 610, 616 (N.D. Ill. 2000). (Op. & Order 23–24, DE 120.) The magistrate judge's pinpoint citation includes the following discussion of the work product doctrine as it applies to opinion work product:

> Opinion work product is even more scrupulously protected. *In re Grand Jury Proceedings,* 33 F.3d 342, 348 (4th Cir.1994). The Supreme Court has declined to rule whether this immunity is absolute, and, if not, the showing required to overcome a presumption of protection. *Upjohn Co. v. United States,* 449 U.S. 383, 401, 101 S.Ct. 677, 688, 66 L.Ed.2d 584 (1981). The Seventh Circuit also has not ruled directly on this issue. *Logan v. Commercial Union Insurance Co.*, 96 F.3d at 976, n. 4. However, in dicta, the court indicated that, under some circumstances, opinion work product may be discoverable. *Id.* While there exists a "heightened protection afforded an attorney's mental impressions and opinion," the Seventh Circuit came short of stating that the protection was absolute. *Id.* At least one district court has held that "mental impressions, conclusions, opinions, or legal theories" of an attorney are "absolutely privileged." *Vardon Golf* [*Co. v. BBMG Golf Ltd.*], 156

6

> F.R.D. [641, 646 (N.D. Ill. 1994)]. Suffice to say immunity from discovery for opinion work product is absolute or nearly absolute. *Bio-Rad Laboratories, Inc. v. Pharmacia, Inc.,* 130 F.R.D. 116, 121 (N.D.Cal.1990). In those circuits that do allow discovery for these type of documents, a "compelling showing" is required to produce the documents. *Id.*

*Caremark*, 195 F.R.D. at 616. That case also states the proposition (recognized by the magistrate judge) that the work product privilege is "distinct from and broader than the attorney-client privilege," which explains why the magistrate judge reasonably concluded that emails containing opinion work product can be protected even if the attorney-client privilege does not protect them. *Id.* at 613. Further, the Plaintiff does not point to any case supporting the converse proposition that a document not protected by the attorney-client privilege cannot be protected as opinion work product. On the contrary, the Seventh Circuit has held that even when the attorney-client privilege is waived, the work product may be invoked "to prevent the disclosure of the attorneys' mental impressions, conclusions, opinions, and legal theories about the case." *In re Special Sept. 1978 Grand Jury (II)*, 640 F.2d 49, 52 (7th Cir. 1980).

While the case law will often speak generally about "work product," the magistrate judge correctly observed that the protections for "fact work product" and "opinion work product" are different, with the latter being absolutely (or near absolutely) protected. The Plaintiff's discussion in support of its objection makes no such distinction and only speaks generally of the waiver of the "work product privilege." The Plaintiff's more general discussion does not provide the Court with a basis to say that it is left with the definite and firm conviction that the magistrate judge's approach is mistaken and that his application of the work product doctrine as it relates to opinion work product is clearly erroneous.

Although the Court has determined that the magistrate judge's determination that certain

7

defense documents are protected by the opinion work product privilege is not clearly erroneous based on the cases cited by the parties, it is also worth noting that the magistrate judge's analysis is very similar to the approach adopted by the Northern District of California in an analogous set of circumstances. *See Walker v. County of Contra Costa*, 227 F.R.D. 529 (N.D. Cal. 2005). In *Walker*, the plaintiff filed a race discrimination suit against Costa County and others for the failure to promote him to the position of Assistant Fire Chief. After the plaintiff had filed a claim with the California Department of Fair Employment and Housing, the county hired an attorney "to investigate the charge and report to County Counsel on the merits of Walker's claim." *Id.* at 531. Part of the county's defense was based on this investigation, as the county's answer to the complaint asserted that "plaintiff's claims are barred because CCCFPD took and had taken reasonable steps to prevent and promptly correct any discrimination and/or harassment in the workplace." *Id.* at 532.

The plaintiff moved to compel the production of the investigating attorney's report, making the following argument with respect to the attorney-client and work product privileges, which is very similar to the argument that the Plaintiff makes in this case:

> Walker contends that Defendants waived both privileges by asserting their investigation as an affirmative defense and that he has a legitimate reason for disclosure of the report. Walker argues that Defendants cannot hide behind attorney client privilege or work product protection when the adequacy of Defendants' investigation into Walker's allegation of discrimination is called into question. Walker argues that work product and attorney client privilege are waived when Defendants rely on the report as a defense to allegations of discrimination.

*Id.* at 535. The district court agreed that "[i]f Defendants assert as an affirmative defense the adequacy of their pre-litigation investigation into Walker's claims of discrimination, then they waive the attorney-client privilege and the work product doctrine with respect to documents

8

reflecting that investigation." *Id.* The court therefore ruled that the defendants had to turn over the attorney's report "as it pertain[ed] to the pre-litigation investigation into Walker's claim of discrimination." *Id.* But, the court ruled that the opinion work product contained in the report did not fall within the scope of the waiver because it is "in fact the most protected form of work product doctrine." *Id.* As such, the defendants were not required to produce the portion of the report that contained the attorney's legal analysis and opinions.

## ORDER

The Plaintiff's Second Rule 72 Objection to Discovery Order is SUSTAINED IN PART and OVERRULED IN PART. The Plaintiff's objection that the Defendant has not been ordered to supplement its answers to Plaintiff's Interrogatories 9 and 14 is SUSTAINED. The Plaintiff's objection is OVERRULED in all other respects. The Defendant is ORDERED to directly answers those interrogatories (in light of this opinion and order and the magistrate's opinion regarding privileges) on or before July 16, 2008. The Defendant must also make all disclosures and productions required by the magistrate in his January 7, 2008, Opinion and Order on or before July 16, 2008.

SO ORDERED on June 19, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT