**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| BRUCE M. BARTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-208-TS |
| | ) | |
| ZIMMER, INC., | ) | |
| | ) | |
| Defendant. | | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion for Extension of Time to File

Response and/or Reply to Defendant's Bill of Costs [DE 248], in which the Plaintiff, Bruce M.

Barton, requests that he be permitted to wait to respond to the Defendant's Bill of Costs until ten

days after the Seventh Circuit has ruled on his appeal.

After all issues were decided in this case upon dispositive motions, the Clerk entered

final judgment on April 30, 2010. On May 14, the Defendant filed its Bill of Costs for

$10,945.77 as the prevailing party. The Defendant seeks costs for obtaining transcripts, for

printing fees, for witness fees, and for making copies. On May 18, the Plaintiff filed both his

Notice of Appeal and his Motion for Extension of Time. The Plaintiff argues that resolution of

the Defendant's Bill of Costs is not necessary or helpful to the resolution of the Plaintiff's

appeal, and that it would be an "unnecessary incurrence of additional attorneys fees for the

parties to continue briefing a matter that likely may never need to be addressed by the court."

(Pl.'s Mot. 2, DE 248.) The Plaintiff asserts that it will have been a waste of judicial resources

for this Court to rule on the Plaintiff's objections if the Plaintiff prevails on any issue on appeal,

and that the Defendant will not be prejudiced if a delay is granted. The Plaintiff notes that one

objection he intends to make to the Defendant's Bill of Costs is to printing costs that he contends were only obtained for the convenience of counsel.

Final judgment has been entered in this case. The Defendant, as the prevailing party, is entitled to an award of costs. Fed. R. Civ. P. 54(d). Costs are appealable separately from the merits, and a district court may award costs even while a substantive appeal is pending. *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994); *see also Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995) (noting that a district court retains jurisdiction to address ancillary questions such as costs while the merits are on appeal). Thus, the only issue is whether the Court should, for the reasons stated by the Plaintiff, exercise its discretion to stay its ruling on the Bill of Costs until after the Plaintiff's appeal is finally decided. The Court has carefully considered the arguments of the parties and finds that the stronger weight of authority counsels against postponing awarding costs until after the appeal is decided, and instead supports an expeditious ruling on costs.

In *Terket v. Lund*, 623 F.2d 29 (7th Cir. 1980), the Seventh Circuit addressed whether a district court should award attorneys' fees while a matter is pending on appeal, and stated a clear preference for resolution of fee disputes while an appeal is pending as the best way to avoid piecemeal appeals. *Id.* at 34 (stating that "in the majority of cases, piecemeal appeals may well be caused by preventing district courts from ruling even on prompt post-judgment fee motions after a notice of appeal is filed"). Although the Plaintiff argues here that it should not be required to continue briefing a matter "that likely may never need to be addressed by the court," it is no less likely that the Defendant will prevail on appeal, the Court will need to address costs, and one of the parties will request appellate review of this Court's ruling on the imposition of costs.

This would result in piecemeal appeals. But if the district court is able to decide the costs issue before the pending appeal has been fully briefed and argued, a proper appeal of the order on costs could be consolidated with the pending appeal for consideration by the court of appeals. *Id.* (holding that a district court "should proceed with attorneys' fees motions, even after an appeal is filed, as expeditiously as possible" to allow any party dissatisfied with the court's ruling to file an appeal and apply to have it consolidated with the appeal of the merits).

The Court can find no reason to treat the ancillary issue of costs any differently than attorneys' fees. The determination of costs is entirely distinct from the underlying judgment, and thus any ruling will have no impact on the appeal, which is likely to take considerable time to resolve given the voluminous record and the number of issues presented and disputed in this litigation.[1] This Court joins with the various district courts in this circuit that have denied motions to stay a determination of costs pending appeal. *See Collins v. United States*, 2008 WL 4549303, at *1 (N.D. Ill. Apr. 24, 2008) (denying a motion to stay a ruling on bill of costs until the Seventh Circuit decided a pending appeal); *Baldauf v. Davidson*, 2008 WL 711703 (S.D. Ind. Mar. 14, 2008) (same); *Aebischer v. Stryker Corp.*, 2007 WL 1668065 (C.D. Ill. June 8, 2007) (same). In *Aebischer*, the district court was faced with, and rejected, many of the same reasons presented by the Plaintiff here in support of staying a determination of costs: she objected to

_____

[1] The Plaintiff has noted that his opening appellate brief is due no later than July 28, 2010, and argues that this rapid briefing schedule makes is unlikely that the parties can fully brief the issues associated with the Defendant's Bill of Costs and obtain this Court's ruling in time to consolidate any appeal. Other than noting his objection to copying costs, the Plaintiff has not indicated what aspects of the Defendant's Bill of Costs will require significant briefing nor stated what would prevent the Court from efficiently ruling upon any objections that are lodged. Faced with having to speculate on the timing of this Court's decision regarding the discrete issue of costs, and the Seventh Circuit's decision regarding the merits of the Plaintiff's various claims, this Court favors the course of action that attempts to resolve all ancillary issues and avoid piecemeal appeals.

many of the costs being sought; if she was successful on appeal any order on the Bill of Costs would become moot; and staying a determination was the most prudent course of action. 2007 WL 1668065, at *2.

This Court, following the reasoning of the Seventh Circuit in *Terket*, finds that the best course of action in this case is to rule on the Defendant's Bill of Costs even though an appeal of this Court's summary judgment orders remains pending. The Plaintiff has until July 5, 2010, to file objections to the Defendant's Bill of Costs.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Extension of Time to File Response and/or Reply to Defendant's Bill of Costs [DE 248] is DENIED. The Plaintiff's objections to the Defendant's Bill of Costs are to be filed by July 5, 2010.

SO ORDERED on June 16, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT