UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| BRUCE M. BARTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-208-TS |
| ZIMMER, INC., | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Bill of Costs [DE 246], the Defendant's Brief in Support of Bill of Costs [DE 247], the Plaintiff's Opposition to Defendant's Motion to Tax Costs [DE 261], and the Defendant's Reply to Plaintiff's Opposition [DE 262].

The Clerk entered final judgment in this case on April 30, 2010. On May 14, the Defendant, as the prevailing party, filed its Bill of Costs for $10,945.77. The Defendant seeks costs for transcripts, printing fees, witness fees, and photocopies. The Plaintiff objects to the Defendant's claimed $5,380.15 in printing costs on grounds that the Defendant failed to properly identify the items that were printed or the reason for their production, and asks the Court to exercise its discretion to deny the printing costs in their entirety. The Plaintiff also identifies $2,994.69 in specific charges that he contends were not necessary, and submits that if the Court allows printing costs to be taxed, the amount should be reduced by $2,994.69.

**DISCUSSION**

Final judgment has been entered in this case. The Defendant, as the prevailing party, is entitled to an award of costs. Fed. R. Civ. P. 54(d) (stating that "costs—other than attorney's

fees—should be allowed to the prevailing party"). Although Rule 54(d) creates a presumption that the prevailing party will recover these costs, the decision to award costs is entrusted to the discretion of the district court. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *Hastert v. Ill. State Bd. of Election Comm'rs*, 28 F.3d 1430, 1437 (7th Cir. 1993); *Soler v. Waite*, 989 F.2d 251, 254–55 (7th Cir. 1993). The presumption is difficult to overcome, and a district court's discretion is narrowly confined. *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). Rule 54(d) establishes a principle of preference—a district court must award costs unless it states good reasons for denying them. *Id.* (citing *Coyne-Delany, Inc. v. Capital Dev. Bd.*, 717 F.2d 385, 392 (7th Cir. 1983)); *see also Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 453 (7th Cir. 1998). Nonetheless, before it can award costs to the prevailing party, the court must determine that the expenses are allowable and reasonable, both in amount and necessity to the litigation. *Moore v. Univ. of Notre Dame*, 22 F. Supp. 2d 896, 913 (N.D. Ind. 1998); *see also Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000).

According to 28 U.S.C. § 1920, which defines the term "costs" as it is used in Rule 54(d), "fees and disbursements for printing" are recoverable. The Plaintiff does not dispute that this category of costs is recoverable. His claim is that the Defendant has not provided sufficient detail to support awarding these costs. The Seventh Circuit has stated that the prevailing party need only provide "the best breakdown obtainable from retained records." *Northbrook Excess and Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991) (stating that photocopy costs need not be so detailed as to make it economically impossible to recover costs).

Attached to the Defendant's Bill of Costs is an "Itemization for Bill of Costs—*Barton v.*

2

*Zimmer, Inc.,*" invoices, and cost reports. The Itemization sets forth the separate categories of allowable costs, including for Fees and Disbursements for Printing. This category is further broken down into twenty-three items. Each item identifies the purpose for the documents, the dates the charges were incurred, the number of pages printed, and the cost per page. The Defendant maintains that the itemization is supported by cost reports maintained by the Baker and Daniels accounting department, and that if the Defendant could not directly link an internal printing charge to a specific event in the litigation, then the document charge was not included in the Bill of Costs and Itemization. An asterisk is located next to each charge on the cost report that the Defendant linked to an event in the litigation. The cost of copying, per page, is either $.07 or $.10, depending on the date the document was produced. The Defendant, through its attorney, declares under the penalty of perjury that the costs are correct and were necessarily incurred in this litigation.

The Plaintiff argues that the Defendant's submissions in support of its printing costs are too vague to determine whether they are legitimate because the cost reports do not identify the documents produced, the docket numbers that they correspond to, or the reason that each was produced. Although the entries on the cost reports, which refer only to "copying costs," do not identify the specific items printed or their purpose, they do identify the client number, the dates the copies were made, the attorney who incurred the charge, the rate per page, and the number of pages copied. On the basis of this information, it is reasonable to infer that the copies were billed in the normal course of litigation. In addition, the Defendant took steps to compare the data from the cost reports to the docket, the discovery schedule, and its correspondence to track the purpose for each instance of internal copying or printing. The Defendant placed an asterisk next

3

to each entry on the cost reports that could be tied to a litigation event. It then organized the asterisked charges into twenty-three categories organized by an event, such as production of documents, preparation and creation of deposition exhibits for specific witnesses, copying and printing documents in connection with summary judgment motions, and trial preparation. Each category also identifies the dates the charges were incurred, the number of pages produced, and the cost per page. The Court finds that the Bill of Costs and the attached itemization and documentation evidences a conscientious effort by the Defendant to seek only those costs that were reasonable and necessary to its defense, that the Defendant provided the best breakdown that was obtainable from its retained records, and that it would be impracticable to require, in a case this size, that law firm employees record the precise description of every document printed or a reason why the copy is necessary before the costs will be considered taxable.

The Court next turns to the Plaintiff's challenge to specific categories of printing costs contained in the Itemization. The Plaintiff lodges objections to 7 of the 23 categories: items 10, 17, 19, 20, 21, 22, and 23.

Item #10— E-Discovery Documents

The Defendant describes item #10 as an $11.48 charge incurred on March 6, 2007, for the printing of informative documents on e-discovery for distribution at an in-person status conference. The Plaintiff's counsel argues that, as far as she is aware, the e-discovery documents were never presented at an in-person conference. The Defendant argues that the counsel's belief is not a legally competent objection that is sufficient to overcome the strong presumption that documented costs are recoverable. The Court agrees. The charge is sufficiently documented and

counsel's unverified recollection of an event that occurred over three years earlier does not overcome the presumption in favor of awarding costs. Moreover, even if the documents were not distributed does not mean that it was not reasonable in the course of the litigation to be prepared to distribute them.

Item #17—Copying and Printing of Documents in Connection with the Defendant's Motion for Summary Judgment

The Defendant seeks reimbursement for $360.85 for copying or printing 5,155 pages connected with its Motion for Summary Judgment. The Plaintiff argues that because the pages were apparently copied so that they could be filed under seal, but the Court denied the request to file the documents under seal and required it to file the documents electronically, that the Defendant should not recover these costs. The Plaintiff also asserts that any deposition pages that were available in e-transcript should not have been printed, and that deposition pages scanned into PDF form for submission to the Court did not have to be copied because the Defendant already possessed the hard copy. The Plaintiff argues that because the Defendant did not provide the necessary details to parse legitimate costs, the entire $360.85 should be denied.

In response, the Defendant submits that the Plaintiff is wrong to suggest that if a document could be scanned or read electronically on a computer screen, no justification exists for creating a hard copy of that document. The Defendant argues that counsel created hard copies of potentially documentary evidence to determine whether to include it with the Motion for Summary Judgment, and that its request for $360.85 in connection with its lengthy, comprehensive, and successful Motion was wholly reasonable and necessary to defend against

the Plaintiff's claims.

The Plaintiff does not cite any authority to support the idea that an attorney should be required to work from electronic media only and that it is unreasonable to print a copy of a document that is otherwise only viewable by electronic means. The Court acknowledges the principle that the cost of copies made for "attorney convenience" is not recoverable, *see Haroco v. Am. Nat'l Bank & Trust of Chi.*, 38 F.3d 1429, 1441 (7th Cir. 1994), but this limitation refers to the number of *duplicates* that can be construed as necessarily obtained for use in a case. *See, e.g., Lulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000) (holding that it made sense to make two copies of every document filed with the court or provided to opposing counsel but that five or six copies for a platoon of lawyers at a large defense firm was harder to justify). There is no indication that the Defendant made duplicate copies of documents simply to accommodate multiple lawyers.

The Plaintiff's lawsuit involved claims of discrimination, harassment, and retaliation by different members of management spanning a significant period of employment. The Motion for Summary Judgment required analysis under both the Age Discrimination and Employment Act and the Family Medical Leave Act, two complicated and comprehensive statutes. The facts, which were lengthy, were derived from and supported by numerous documentary sources. After sifting through the facts to determine which were material to the Motion for Summary Judgment, the Court itself produced an Opinion and Order that contained over twenty pages of facts in an Order that was over seventy pages long. Given the difficulty of working with such a voluminous record using solely electronic documents, the Court does not find that making a hard copy of a document that does not otherwise already exist in such form qualifies as mere attorney

convenience or otherwise renders the copy unnecessary.

The Plaintiff raises a second argument related to this category of costs, which the Defendant does not respond to. The Defendant filed its summary judgment submissions manually for the Court to consider whether they should be filed under seal for the protection of the Plaintiff. The Defendant's stated reason for filing the submissions under seal was to prevent information regarding the Plaintiff's physical and mental health from being publicly disclosed. The Defendant would have been required to serve the Plaintiff with a copy of the manual filing.

After conducting a hearing, the Court ruled that the better course was to require the Defendant to file its Motion and Memorandum electronically, with access limited to court users and case participants. The Court also directed that the bulk of the appendix be filed electronically. Only medical and mental health records and deposition testimony that referenced the Plaintiff's physical or mental health remained filed under seal and subject to a stipulated protective order. Although the Defendant offered a legitimate and reasonable basis for seeking to file records manually under seal, this reason could only apply to records and testimony that actually referenced the Defendant's physical and mental health, and the pages that qualified for filing under seal for this reason were actually quite limited. The appendix, minus the confidential materials for which is was reasonable to seek a ruling for filing under seal, numbered 537 pages. Thus, the Court will exclude $75.18 (537 x $.07 per page x 2 copies) from the costs incurred in connection with filing its Motion for Summary Judgment, specifically its motion to submit materials under seal.

Item #19—Copying of Pleadings and Documents Submitted by the Plaintiff in Opposition to the Defendant's Motion for Summary Judgment

The Plaintiff argues that the Defendant should not be allowed to recover costs associated with printing 1,064 pages of documents that the Plaintiff filed in response to its Motion for Summary Judgment because all of the documents were available electronically, the format in which they were filed on the docket by the Plaintiff. Again, this assumes that an attorney is required to work from electronic media. The Plaintiff has not provided any support for this proposition. The Court finds that the cost of printing a copy of the Plaintiff's response to its Motion for Summary Judgment in the form that it was filed by the Plaintiff is allowable and reasonable for the Defendant to defend against the Plaintiff's claims.

Item #20—Copying and Printing of Documents Necessary to the Defendant's Motion to Strike Briefing

The Defendant requests $13.65 related to its Motion to Strike Briefing. The Plaintiff argues that the costs are not recoverable because the exhibits the Defendant submitted were, for the most part, scanned copies of documents provided to the Defendant in hard copy. The Court finds that it was reasonable and allowable for the Defendant's counsel to print a hard copy of the briefing in the form it was submitted to the Court.

Item #s 21–23—Copies made in the course of trial preparation and in connection with the Defendant's Motion for Sanctions

The Plaintiff objects to costs for printing documents in preparation for trial and to file a motion for sanctions on grounds that they were solely for the Defendant's in-house use, and

could have been used in their electronic form. The Plaintiff presents no authority for the proposition that in-house use, if it is otherwise necessary to the litigation, is not recoverable. As stated earlier, it is only the cost of making duplicate copies for the convenience of multiple lawyers that is not allowable. In addition, as the Defendant notes, this case involved a large number of witnesses and documents, with the parties anticipating that the trial would last up to three weeks. It was reasonable for the Defendant to print copies of these documents in preparation to submit them to the jury, as well as to review with witnesses who were either authors, recipients, or copied on the documents. The prevalent use of electronic mail in the workplace necessarily creates more documented communications (and evidence), and is one of the driving forces behind the number of documents that were potentially pertinent to this litigation.

However, the Defendant does not indicate why, for each of the three trial dates, additional copying charges were incurred. If the Defendant was prepared for the first scheduled trial, it would not be necessary to reprint documents when preparing for the second and third trials. The number of pages that were printed in preparation for the last trial date is significantly higher than for the previous two trial dates, even considering the addition of a motion for sanctions. On this basis, it is reasonable to presume that the copies made for the final trial date consisted of documents already copied for the first two trial dates as well as for additional pages that the Defendant deemed necessary as the case progressed and additional discovery was being generated. Therefore, the Court will exclude from the award of costs the fees incurred for the first and second trial dates, $105.63 and $96.60 respectively, but will award costs for the third trial and the motion for sanctions.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Objection to the Defendant's Bill of Costs [DE 261] is OVERRULED IN PART AND DENIED IN PART. The Defendant's Bill of Costs [DE 246] is APPROVED in the amount of $10,668.36.

SO ORDERED on August 10, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT